IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MARK JOSEPH CARRATO )
and PADMAJA SHETTY, )
)
Plaintiffs, ) TC-MD 140061D
)
v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on June 24, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision of Dismissal was entered. The court's Final Decision of Dismissal incorporates its Decision of Dismissal without change.

This matter is before the court on Defendant's Motion to Dismiss (Motion) filed April 11, 2014, requesting that the Complaint be dismissed. A case management conference was held May 6, 2014. Mark Carrato (Carrato) appeared on behalf of Plaintiffs. Jeff Brown, registered appraiser, appeared on behalf of Defendant. The parties discussed Plaintiffs' appeal and Defendant's Motion. Carrato agreed to submit a written response to Defendant's Motion postmarked no later than June 6, 2014. As of this date, Plaintiffs have neither filed a written response to Defendant's Motion nor communicated with the court.

I. STATEMENT OF FACTS

Plaintiffs filed their Complaint on March 7, 2014, appealing the real market value of property identified as Account R189701 (subject property) for the 2013-14 tax year. Plaintiffs assert that "[t]he property assessment is far over market value, more than 20 [percent]." (Ptf's

/ / /

FINAL DECISION OF DISMISSAL TC-MD 140061D 1

Compl at 1.)  The real market value of the subject property on the 2013-14 tax roll is $541,730. (*Id*. at 3.)  Plaintiffs request the court to order a real market value of $451,000.  (*Id*. at 1.)

In its Motion, Defendant requested dismissal of Plaintiffs' Complaint, stating that Plaintiffs failed to appeal to the Multnomah County Board of Property Tax Appeals (BOPTA) as required under ORS 305.275(3) prior to appealing to this court, and that the court lacks jurisdiction under ORS 305.288(1) or ORS 305.288(3) to address Plaintiffs' Complaint.[1]  (Def's Mot at 1.)

## II.  ANALYSIS

A.    *ORS 305.275*

The Oregon Legislature enacted laws that guide taxpayers challenging the real market value assigned to their properties. In most cases, the first step in the appeal process is to file a petition with the local county BOPTA no later than December 31 of the current year.  *See* ORS 309.100.[2]  A taxpayer may then appeal to this court if the statutory requirements of ORS 305.275 are met.  For tax year 2013-14, Plaintiffs have not shown that they appealed the real market value of their property to BOPTA, and followed the appeal process provided by ORS 305.275. *See* 305.275(3) ("[i]f a taxpayer may appeal to [BOPTA] under ORS 309.100, then no appeal may be allowed under this section").

B.    *ORS 305.288*

The legislature recognized there would be certain situations in which a taxpayer would not make a timely appeal to BOPTA.  As a result, the legislature granted the court authority to review untimely appeals and reduce the real market value if there is either: (1) an error in the real

---

[1] In its Motion, Defendant referenced ORS 309.026, a statute describing BOPTA but not the appeal process.  *Cf.* ORS 309.100.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

market value of at least 20 percent, or (2) a good reason for the taxpayer's failure to appeal to BOPTA. ORS 305.288. ORS 305.288(1) permits the court to reduce the value of the property "for the current tax year" if, for the tax year in dispute, there is either an allegation of an error in real market value of at least 20 percent and it is attributable to property that was used "primarily as a dwelling," or there is "good and sufficient cause" for the taxpayer's failure to follow the prescribed appeal process. ORS 305.288(1), (3).

       1.     *Twenty percent error on the tax roll*

"ORS 305.288(1) allows this court to order a change to the tax roll for the current tax year and the two immediately prior tax years if a property is both 'used primarily as a dwelling * * * and was and is a single-family dwelling [and] * * * the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent.' " *Martin v. Yamhill County Assessor*, TC-MD 110246D at 4, WL 3882293 at *2 (Sept 1, 2011).

In their Complaint, Plaintiffs assert that "[t]he property assessment is far over market value, more than 20 [percent]." (Ptf's Compl at 1.) Plaintiffs request that the court order a real market value of $451,000, which is not equal to or greater than 20 percent of the real market value on the assessment and tax roll for 2013-14 tax year. (Ptf's Compl at 1.) Plaintiffs' requested real market value of $451,000 is only 17 percent less than the tax roll value of $541,730. Plaintiffs' requested relief does not meet the statutory requirements of ORS 305.288(1). This court does not have jurisdiction under ORS 305.288(1).

/ / /

/ / /

/ / /

2.      *Good and sufficient cause*

The court may have jurisdiction under ORS 305.288(3) if Plaintiffs show "good and sufficient cause" for their failure to timely pursue an appeal with BOPTA. ORS 305.288(5)(b) states that the term "good and sufficient cause":

> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Plaintiffs have not presented any evidence suggesting they have "good and sufficient cause" for failing to timely pursue their remedy with BOPTA. Plaintiffs were granted an opportunity by the court to respond to Defendant's Motion, but Plaintiffs have not submitted a written response.

### III.  CONCLUSION

Plaintiffs did not timely appeal the 2013-14 tax year to BOPTA as required by ORS 309.100, nor do they meet the statutory requirements of ORS 305.288. Accordingly, the court has no jurisdiction and must dismiss Plaintiffs' appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ___ day of July 2014.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on July 11, 2014. The court filed and entered this document on July 11, 2014.*